KOLLER LAW LLC
David M. Koller (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Penny Depreta,** :  | |
| Plaintiff, : | |
| : | DOCKET NO. |
| v. : | CIVIL ACTION |
| : | |
| **Swift Transportation, Inc.** : | COMPLAINT AND |
| : | JURY DEMAND |
| Defendant. : | |
| : | |

## COMPLAINT

Plaintiff, Penny Depreta (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint in her action against Defendant, Swift Transportation, Inc. (hereinafter "Defendant"). This is an employment discrimination lawsuit alleging gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

### IDENTIFICATION OF THE PARTIES

1. Plaintiff incorporates the preceding introductory paragraph as if set forth more fully at length herein.

2. Plaintiff, Penny Depreta, is an individual resident of the Commonwealth of Pennsylvania whose primary residence is located at 96 Mine St., Stoneboro, PA 16153.

3. Upon information and belief, Defendant operates a branch at 3720 W. 800 S. Salt Lake City, UT 84104 at which the events giving rise to this Complaint took place.

4. Upon information and belief, Defendant is an Arizona corporation headquartered at 2200 S. 75th Avenue, Phoenix, Arizona 85043.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because of Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII. See Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or about September 25, 2014 Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination against Defendant.

15. The Charge was assigned EEOC Charge No. 530-2015-00921. A true and correct copy of the Charge is attached hereto as Exhibit "A".

16. On or about October 19, 2015 the EEOC issued a Notice of Right to Sue. A true and correct copy is attached hereto as Exhibit "B".

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Upon information and belief, the EEOC advised Defendant of Plaintiff's intent to file suit and, per the requirements of Title VII for resolution through conciliation, conference, or

persuasion, attempted but failed to achieve a voluntary resolution of Plaintiff's claims of employment discrimination.

19. Plaintiff files this Complaint within ninety (90) days of her receipt of the Right to Sue.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff sought to obtain her Commercial Driver's License (CDL) in or around the summer of 2014.

23. She called companies for employment opportunities.

24. She spoke to Defendant, who advised her of its employment opportunities.

25. Defendant's representative told Plaintiff that if she were to obtain her CDL, Defendant would put Plaintiff on a bus and get Plaintiff training, and that once Plaintiff obtained the CDL, Plaintiff would start.

26. Plaintiff advised that she was interested.

27. To qualify for employment, Plaintiff was required to obtain her birth certificate, marriage license and other required paperwork.

28. Plaintiff obtained those documents and Defendant scheduled her to be on a bus and she left for training.

29. The first part of the training requirements was paper testing for the permit.

30. Plaintiff had to pass this part of the test to go to the second part of the training.

31. Plaintiff passed the first part of the training.

32. The second part of the training was driving training in Utah.

33. Defendant sent Plaintiff to Utah to finish the second part of her CDL training.

34. An instructor who was an employee for Defendant in Utah offered to teach Plaintiff how to back up a truck.

35. He then made sexual comments about Plaintiff's body.

36. He said Plaintiff had a "nice ass" when she dismounted the vehicle.

37. He also requested to sit in the middle of the truck so he could "see [Plaintiff's] tits bounce."

38. Plaintiff, and another student, complained about the instructor to Human Resources at Defendant in Utah.

39. Plaintiff wrote two different letters to HR and her colleague wrote one letter.

40. Defendant's Human Resources representative told Plaintiff in the office that she could not do anything about it, Plaintiff was not an employee, and therefore, this was not Defendant's problem.

41. A male student, Travis Glenn, was with Plaintiff when the HR representative made these comments.

42. Plaintiff then completed the requisite training and received her CDL.

43. Plaintiff, not satisfied with the Company's response, requested a female instructor to complete a required 200 hours of additional training after her receipt of the CDL.

44. Plaintiff made the request through the secretary at Defendant's main office in Utah.

45. The secretary responded by saying that it would do its best to place her with a female instructor.

46. She advised that Plaintiff would be sent home until one was found.

47. Defendant advised there were not many female instructors.

48. At least one male student left with a female instructor that day for the training.

49. Plaintiff waited on site for one week.

50. Plaintiff then left for home.

51. A month passed and Defendant did not contact Plaintiff to advise of her placement and return to training.

52. As a result, Plaintiff resigned from her employment with Defendant.

### COUNT I - HOSTILE WORK ENVIRONMENT
### VIOLATION OF TITLE VII

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. The foregoing conduct created a sexually hostile work environment for Plaintiff.

55. Plaintiff suffered intentional discrimination because of her sex.

56. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

57. The harasser was Plaintiff's instructor and thus was above Plaintiff in the chain of command.

58. The discrimination detrimentally affected Plaintiff.

59. Plaintiff suffered tangible employment actions as alleged herein, including but not limited to a lack of training and constructive discharge.

60. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

61. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of the harasser.

62. Defendant created a hostile work environment that was intolerable and unbearable to Plaintiff.

63. As a result of Defendants' conduct as aforementioned, Plaintiff resigned and has suffered damages as set forth herein.

64. Defendant is not entitled to an affirmative defense.

65. Defendant knew or reasonably should have known of the sexual harassment.

66. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – HOSTILE WORK ENVIRONMENT
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. The foregoing conduct created a sexually hostile work environment for Plaintiff.

69. Plaintiff suffered intentional discrimination because of her sex.

70. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

71. The harasser was Plaintiff's instructor and thus was above Plaintiff in the chain of command.

72. The discrimination detrimentally affected Plaintiff.

73. Plaintiff suffered tangible employment actions as alleged herein, including but not limited to a lack of training and constructive discharge.

74. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

75. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of the harasser.

76. Defendant created a hostile work environment that was intolerable and unbearable to Plaintiff.

77. As a result of Defendants' conduct as aforementioned, Plaintiff resigned and has suffered damages as set forth herein.

78. Defendant is not entitled to an affirmative defense.

79. Defendant knew or reasonably should have known of the sexual harassment.

80. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – GENDER DISCRIMINATION
### VIOLATION OF TITLE VII

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

83. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

84. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – GENDER DISCRIMINATION
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

85. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

86. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

87. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

88. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### VIOLATION OF TITLE VII

89. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

90. Plaintiff engaged in activity protected by Title VII as described herein.

91. Defendant took adverse employment actions against Plaintiff, including but not limited to not contacting her and constructively discharging her employment.

92. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – RETALIATION
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

93. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

94. Plaintiff engaged in protected activity as described above.

95. Defendant took adverse employment actions against Plaintiff, including but not limited to not contacting her and constructively discharging her employment.

96. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### Prayer for Relief

WHEREFORE, Plaintiff, Penny Depreta, requests that the Court grant her the following relief against Defendant, Swift Transportation, Inc:

(a) Compensatory damages;

(b) Punitive damages (where applicable);

(c) Liquidated damages (where applicable);

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from

Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Respectfully Submitted,
KOLLER LAW LLC

Dated: 1/20/16        By: _____
David M. Koller, Esquire
*Attorney for Plaintiff*